UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ADVOCATE FINANCIAL, L.L.C.

VERSUS

THOMAS E. MAHER, ET AL.

CIVIL ACTION

NO: 10-24-JJB

## RULING ON MOTION TO DISMISS

This matter is before the Court on Defendants' motion to dismiss. (Doc. 9.) Plaintiff filed an opposition. (Doc. 15.) Defendants move to dismiss Plaintiff's action under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. Defendants also moved for dismissal pursuant to Rule 12(b)(6), for a more definitive statement pursuant to Rule 12(e), and to stay this proceeding. This ruling only addresses Defendants' challenge to subject matter jurisdiction under Rule 12(b)(1). Oral argument is not necessary. Defendants' motion to dismiss is DENIED, pending Plaintiff amends the complaint to properly allege diversity of citizenship.

### Factual Background

In 1997, Defendant Thomas Maher ("Maher") hired Defendant DeSalvo & Harris, Attorneys at Law ("DH"), to recover damages from an automobile accident. In 1998, DH filed suit in state court. In 1999, Maher borrowed funding for the suit from Plaintiff. Both Maher and DH entered into multiple security agreements with Plaintiff. In 2006, Maher switched representation to Defendant

1

Walters, Papillion, Thomas, Cullens, L.L.C. ("WPTC"). In 2008, DH intervened in state court, claiming a portion of any awarded attorneys' fees, and Plaintiff intervened seeking an interest in the proceeds of the judgment. Maher's loan now exceeds $300,000.00, with nearly half in interest fees. The state court proceeding is pending.

## Law

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of claims for lack of subject matter jurisdiction. A 12(b)(1) motion for lack of subject matter jurisdiction must be considered by the court before other challenges because the court must find jurisdiction before determining the validity of a claim. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994).

The issue before the Court is whether Plaintiff satisfied the test for invoking diversity jurisdiction. Diversity jurisdiction requires that the amount in controversy exceeds $75,000, and that complete diversity exists. 28 U.S.C. § 1332(a)(2) (the action must be between citizens of a state and citizens of a foreign state to satisfy diversity); *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806).

For diversity purposes, the citizenship of a partnership is based upon the citizenship of each of its partners. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). Similarly, the citizenship of an L.L.C. is determined by the citizenship of each of its members, rather than the state where it has its principal place of business or the state under whose laws it is organized. *See id.* at 1080. Furthermore, if the member is an entity, the citizenship must be traced

through however many layers of partners or members there may be in order to determine citizenship of the entity. *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

## Analysis

### A. Citizenship of DH

Defendants' motion to dismiss addressed Plaintiff's failure to properly allege diversity among the parties. Defendants argue, and the Court agrees, that Plaintiff insufficiently identified the citizenship of DH, a Louisiana partnership. Plaintiff must identify the citizenship of each partner within DH in order to properly allege the citizenship of the firm. See *Harvey*, 542 F.3d at 1079. Furthermore, Defendants contend, and the Court again agrees, that Plaintiff's identification of the partner Vincent J. DeSalvo as a resident of Louisiana is insufficient to allege the citizenship of DeSalvo. See *Nadler v. Am. Motors Sales Corp.*, 764 F.2d 409, 413 (5th Cir. 1985) (finding that residency does not satisfy citizenship for purposes of jurisdiction). In order to cure these defects, Plaintiff must identify and allege the citizenship of *each* DH partner. See *Carden v. Arkoma Ass'n*, 494 U.S. 185, 195 (1990) (finding that citizenship of all members must be alleged to prove diversity jurisdiction).

### B. Citizenship of WPTC

The same rule for diversity of an L.L.C. applies to WPTC. However, Plaintiff again fails to identify any members of or allege the citizenship of the law firm or its individual participants. For jurisdiction to be proper, Plaintiff must

identify each member of WPTC, and allege their individual citizenship. *Harvey*, 542 F.3d at 1080.

### C. Citizenship of Advocate

Defendants incorrectly argue that Plaintiff fails to properly allege its own citizenship. Defendants attempt to claim that because Plaintiff and its sole member, La Chenaie Holding, L.L.C. ("La Chenaie"), are organized under the laws of Louisiana, and are registered agents of and have addresses in Louisiana, they are citizens of Louisiana for diversity purposes. However, as noted above, the citizenship of an L.L.C. is not determined by the state where it has its principal place of business or the state under whose laws it is organized. *Harvey*, 542 F.3d at 1080. Instead, as Defendants acknowledge, its citizenship is determined by the citizenship of all of its members. *Id.* Defendants attempt to dismiss this rule, but the Court agrees with Plaintiff that dismissal would be in error.

Instead, Plaintiff correctly identifies its own citizenship as French, despite its residence and business in Louisiana. As stated above, the rule for multi-layered companies states that the citizenship of an L.L.C. must be traced through however many layers of members there may be in order to determine citizenship of the entity. *Meyerson*, 299 F.3d at 617. Plaintiff's one member is La Chenaie, an L.L.C. whose sole member is Sofra, S.A. ("Sofra"), a French corporation. Sofra has French citizenship for diversity purposes because it is organized under the laws of France and has its principal place of business in France. *See JP*

4

*Morgan Chase Bank v. Traffic Stream Infrastructure Ltd.*, 536 U.S. 88, 91-2 (2002); *Creaciones con Idea v. Mashreqbank P.S.C.*, 75 F.Supp.2d 279, 281 (S.D. N.Y. 199) (finding that a foreign corporation is deemed a citizen both of the foreign country in which it is incorporated and of the state, if any, where it has its principal place of business). Therefore, Plaintiff is a citizen of France for diversity purposes because Sofra is a French citizen.

Defendants also attempt to argue that La Chenaie's manager is a Louisiana resident, thereby violating Louisiana management laws and possibly disrupting Plaintiff's French citizenship. La. Rev. Stat. Ann. § 12:1311 (2010) (requiring that an L.L.C. be managed by its members). However, § 12:1311 also allows for certain exceptions if provided for in the articles of organization. In fact, managers of a Louisiana L.L.C. are not required to be members of the company. *See* La. Rev. Stat. Ann. § 12:1312(a) (2010) (providing that managers of a Louisiana L.L.C. may, "but need not, be members" of the company). Thus, nothing in the record leads this Court to conclude that Plaintiff has improperly alleged its citizenship.

### D. Amount in Controversy

Defendants argue that Plaintiff's claim fails to exceed the threshold jurisdictional amount of $75,000. This argument is incorrect. Plaintiff alleges that the amount in controversy exceeds $300,000.00, based on the pending state

action.[1] Plaintiff claims an interest in any attorneys' fees awarded in the state court proceeding against either DH or WPTC.[2] The amount alleged against WPTC remains to be determined. Counts Three and Four of Plaintiff's complaint clearly explain these allegations.[3] Therefore, the amount in controversy exceeds $75,000 against both DH and WPTC, thereby satisfying this factor of diversity jurisdiction.

### Conclusion

Plaintiff sufficiently alleges its own citizenship. Furthermore, the amount in controversy exceeds $75,000 against all Defendants. However, Plaintiff fails to properly allege diversity jurisdiction by failing to identify every partner of DH and every member of WPTC, and allege the citizenship of each individual. However, the Court has discretion to permit Plaintiff to cure the defect by amending its complaint in this Court. *See* 28 U.S.C. § 1653 (2006) ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *Nadler*, 764 F.2d at 412.

Thus, Defendants' motion (doc. 9) is DENIED, pending Plaintiff properly alleges the citizenship of each entity. Defendants also moved for dismissal pursuant to Rule 12(b)(6), for a more definitive statement pursuant to Rule 12(e), and to stay this proceeding. This ruling only addresses Defendants' challenge to subject matter jurisdiction under Rule 12(b)(1).

---

[1] Comp. ¶ 39.
[2] Comp. ¶ 42
[3] Comp. ¶ 49 – 54

IT IS ORDERED that Plaintiff file an amended complaint within 20 DAYS, properly alleging Defendants' citizenship. If Plaintiff does not cure this allegation, Defendants may reverse this motion.

Signed in Baton Rouge, Louisiana, this 15th day of June, 2009.

```
_____
JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
```