UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ADVOCATE FINANCIAL, L.L.C.

CIVIL ACTION

VERSUS

NO: 10-24-JJB

THOMAS E. MAHER, ET AL.

# RULING ON DEFENDANTS' MOTION TO DISMISS OR, ALTERNATIVELY, STAY

This matter is before the Court on Defendants' Motion (doc. 9) to Dismiss Pursuant to Rule 12(b)(1) or 12(b)(6), or, Alternatively, Motion to Stay. Plaintiff has filed an opposition (doc. 15). This Court's jurisdiction exists pursuant to 28 U.S.C. § 1332. For the reasons stated herein, the Court GRANTS Defendants' motion.

## Factual Background

In 1997, Defendant Thomas E. Maher ("Maher") was injured in an auto accident, and in 1998, he filed suit in Louisiana state court to recover damages for injuries sustained in the accident.[1] Maher retained Defendant Vincent J. DeSalvo ("DeSalvo") and his firm DeSalvo & Harris ("DSH") to represent him. Thereafter, in 1999, Maher and DSH entered into an agreement with Advocate Financial, L.L.C. ("Advocate"), whereby Advocate was to advance $177K at an interest rate of 15.99% per annum to fund the litigation. In return, Maher,

---

[1] The pending state court suit is entitled *Maher v. Western World Ins. Co.*, pending in the 21st Judicial District Court for the Parish of Livingston, State of Louisiana, No. 83,371.

1

DeSalvo and DSH granted Advocate various security interests. In 2006, Maher discharged DSH as his counsel and retained Walters, Papillion, Thomas, Cullens, L.L.C. ("WPTC"). In 2007 and 2008, Advocate and DSH, respectively, intervened in the state court proceedings claiming a portion of any proceeds obtained by Maher. In the state proceedings, a pre-trial conference is set for April 20, 2011 during which the court is set to consider (1) whether and to what extent Advocate's contract is enforceable against Maher and/or DSH; and (2) the amount of reasonable attorney's fees and to whom those fees should be disbursed.

On January 11, 2010, Advocate filed suit against Maher, DeSalvo, DSH and WPTC in this Court to recover the sums it advanced for litigation expenses. On February 23, 2010, Defendants filed their Motion (doc. 9) to Dismiss Pursuant to Rule 12(b)(1) or 12(b)(6), or, Alternatively, Motion to Stay. Defendants assert that the Court should (1) dismiss Plaintiff's suit under either the *Burford*, *Colorado River* or *Younger* abstention doctrines; or (2) stay Plaintiff's suit pending resolution of the state court proceedings. Defendants also assert that Plaintiff's claims against WPTC should be dismissed because Plaintiff has no direct claims against WPTC (doc. 9).

On April 15, 2010, Plaintiff filed its motion (doc. 15) in opposition. Plaintiff asserts that (1) none of the abstention doctrines cited by Defendants apply; and (2) staying Plaintiff's suit is inappropriate because the state court proceedings

2

have been underway for over ten years and are far from being resolved (doc. 15). Plaintiff also argues that its claim against WPTC should not be dismissed because, in determining the amount of attorney's fee to which DeSalvo and DSH are entitled, the Court must necessarily determine the amount to which WPTC is entitled (doc. 15).

## Discussion

### I. Failure to state a claim against WPTC

Defendants assert that Plaintiff's claims against WPTC should be dismissed because Plaintiff has no direct claims against WPTC (doc. 9). Defendant argues that Advocate did not advance any fees to WPTC and so there is no contractual relationship between the parties (doc. 9). Defendant also argues that, unless and until the state court determines that Maher is entitled to recover for his injuries there is no common fund to which Advocate, DeSalvo, DSH or WPTC can claim entitlement (doc. 9).

Plaintiff asserts that WPTC should not be dismissed because, in determining the amount of attorney's fee to which DeSalvo and DSH are entitled, the Court must necessarily determine the amount to which WPTC is entitled (doc. 15).

Under Federal Rule of Civil Procedure 12(b)(6) a federal district court should dismiss the plaintiff's complaint if it "fails to state a claim upon which relief can be granted." To state a valid claim for relief, plaintiff's complaint must

3

contain sufficient factual allegations that, if taken as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2009). That is, a plaintiff cannot rely on conclusory allegations or recitations of the elements of an offense to survive a motion to dismiss. *Id.*

The Court finds that WPTC should be dismissed. As pointed out by Defendants, Advocate did not advance any litigation funds to WPTC. Thus, Advocate does not have any contractual claims against WPTC. Moreover, Advocate has not alleged any tort claims against WPTC. Finally, though the Court may eventually need to determine the relative rights of the parties vis-à-vis the awarded attorney's fees, unless and until the state court determines that Maher is entitled to recover for his injuries there is no common fund to which Advocate, DeSalvo, DSH or WPTC can claim entitlement (doc. 9). Therefore, the Court finds that WPTC should be dismissed from the suit.

II. **Stay**

According to the Supreme Court of the United States,

> the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). A federal district court may appropriately grant a stay where state proceedings between the same parties

4

and covering the same issues are already underway, especially when the parties' dispute is governed by state law. *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942).

The Court finds that a stay is appropriate. The parties in the state proceedings are the same as the parties in the present proceeding—DeSalvo, DSH and Advocate. Moreover, the issues in the state proceedings are the same as the issues presented here. Advocate and DSH intervened in the state court proceedings to assert their rights to any proceeds obtained by Maher. In the state proceedings, a pre-trial conference is set for April 20, 2011 during which the state court is set to consider (1) whether and to what extent Advocate's contract is enforceable against Maher and/or DSH; and (2) the amount of reasonable attorney's fees and to whom those fees should be disbursed. These are the very same issues which Advocate requests the Court determine. Moreover, the dispute is governed by state law and implicates arguably important state interests—the regulation of the attorney-client relationship; namely, under what circumstances an attorney may advance money to a client during the pendency of a lawsuit. *See Chittenden v. State Farm Mut. Auto. Ins. Co.*, 788 So. 2d 1140, 1148 (La. 2001) (stating that the Louisiana Supreme Court has "exclusive and plenary power to define and regulate all facets of the practice of law, including . . . the attorney-client relationship"). Therefore, the Court finds that a stay is appropriate.

## **CONCLUSION**

Accordingly, the Court hereby GRANTS Defendants' motion (doc. 9) as to Plaintiff's failure to state a claim against Defendant Walters, Papillion, Thomas, Cullens, L.L.C.  Moreover, the Court hereby GRANTS Defendants' motion (doc. 9) and issues a stay of the proceedings pending resolution of the parties' Louisiana state-court suit.

Signed in Baton Rouge, Louisiana this 28th day of February, 2011.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**